**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE FARM MUTUAL AUTO INSURANCE COMPANY; TRANSPORTATION CONNECTION, INC, DBA Los Angeles Sightseeing Tour and Charters, DBA Los Angeles Sightseeing Tours of Santa Monica DBA Santa Monica LAX Bus, <br><br> Defendants - Appellees. | No. 08-55924 <br><br> D.C. No. 2:07-cv-04526-MMM-MAN <br><br> MEMORANDUM * |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted October 8, 2009
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: KLEINFELD and TALLMAN, Circuit Judges, and LAWSON,[**] District Judge.

Clarendon appeals from the district court's summary judgment for State Farm. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

The district court correctly concluded that the insurance policy term, excluding coverage when an insured vehicle is "used to carry persons for a charge," does not violate California law. Although the exclusion is not one of the enumerated exclusions found under California's Insurance Code section 11580.1(c), other exclusions are allowed under California law so long as the insurance policy provides an "explicit description" of "the purposes for which coverage . . . is specifically excluded." Cal. Ins. Code § 11580.1(b)(3); see also § 11580.1(c) (stating that coverage may be excluded for the eight enumerated reasons "[i]n addition to any exclusion provided in paragraph (3) of subdivision (b) . . .").

---

[**] The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

2

State Farm's exclusion does not violate California's Insurance Code section 11580.1(b)(4), which mandates coverage for permissive users. As the district court correctly explained, unlike the exclusion in Metz v. Universal Underwriters Insurance Co., 513 P.2d 922 (1973), the exclusion in the State Farm policy applies both to the named insureds and to permissive users equally and relates to a particular purpose—"carrying persons for a charge"—rather than to a particular user. Nor is the policy provision ambiguous or illusory. See Farmers Ins. Exch. v. Knopp, 58 Cal. Rptr. 2d 331, 333 (Cal. Ct. App. 1996) (finding an almost identical policy term excluding "[b]odily injury or property damage arising out of the ownership, maintenance or use of a vehicle while used to carry persons or property for a charge" unambiguous and enforceable) (emphasis added).

The district court correctly ruled, based on the uncontradicted evidence, that the van was being "used to carry persons for a charge" when the alleged injury occurred. The owner of Transportation Connection "explained that the website's reference to 'complimentary round-trip hotel transportation was designed simply to avoid complaints by customers who wanted to be taken on a tour directly from their hotel instead of being driven to Transportation Connection's terminal in Santa Monica." ER 31. Though passengers paid nothing beyond the Transportation

3

Connection tour fee for the "free" ride from their hotels to the tour bus terminal, the vehicle was being used to transport only paying tour group passengers. Transportation Connection admitted that round-trip hotel transportation was included in the price of the tickets the Snyder party purchased. Therefore, the exclusion was in effect, and there was no coverage under the State Farm noncommercial policy at the time Snyder was allegedly injured.

**AFFIRMED.**